IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**HENRY MARTINEZ,**  CASE NO. 3:24 CV 810

    Plaintiff,

    v.  JUDGE JAMES R. KNEPP II

**ZEPF CENTER,**

    Defendant.  MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Currently pending in this case involving a claim to short-term disability benefits is Defendant Zepf Center's Motion for Summary Judgment on Plaintiff Henry Martinez's claims. (Doc. 10). Plaintiff has not filed a response to the motion, and the time in which to do so has expired. *See* Local Rule 7.1(d) (N.D. Ohio) (providing 30 days to respond to a case-dispositive motion).

### BACKGROUND

Defendant is an Ohio non-profit entity. (Amie Gohlike[1] Decl., Doc. 10-2, at ¶ 1). It offers short-term disability benefits to certain of its employees pursuant to a short-term disability benefits plan. *Id.* at ¶ 3; *see also* Doc. 10-3 (plan). That plan is fully insured through Mutual of Omaha and is not a payroll practice. (Gohlike Decl., Doc. 10-2, at ¶ 3). Only full-time and certain part-time employees are eligible for short-term disability benefits; contingent and per diem employees are not. *Id.* at ¶ 4; *see also* Doc. 10-4, at 25 (Employee Handbook). Specifically, the Employee Handbook states:

---

1. Gohlike is the Senior Director of Human Resources for Defendant and is responsible for overseeing the administration of Defendant's employee benefits, including short-term disability benefits. (Gohlike Decl., Doc. 10-2, at ¶¶ 1–2).

**<u>Benefits</u>**

> The description of benefits set out in the Benefits section of this manual are general in nature and may not be relied upon as entitlement in any specific situation. Entitlements to any ERISA benefit (E.G., Insurance, disability, retirement plans, COBRA, etc.) are offered to full and part time employees or by ACA requirement. Terms are governed by the plan documents, and summary plan descriptions that may be obtained from Human Resources.
>
> \* \* \*
>
> *\*Contingent and per diem employees are not eligible for any benefit entitlements.*

(Doc. 10-4, at 25) (emphasis in original).

Defendant's short-term disability plan requires claimants to obtain a claim form and to provide written proof of disability within 90 days after the plan's elimination period (or, if it is not reasonably possible to provide proof within 90 days, then to provide written proof of as soon as reasonably possible, but within twelve months). (Gohlike Decl., Doc. 10-2, at ¶ 5); (Doc. 10-3, at 17). The plan's elimination period for disability resulting from sickness was 30 days. (Doc. 10-3, at 7). The plan further contains an administrative process for an appeal. (Gohlike Decl., Doc. 10-2, at ¶ 5); (Doc. 10-3, at 18).

Plaintiff was hired by Defendant on May 31, 2022. (Gohlike Decl., Doc. 10-2, at ¶ 6). He signed an employment letter on June 1, 2022. *Id.* at ¶ 7; (Doc. 10-5) (letter). The letter stated Plaintiff had been "offered and accept[ed] the per diem position of Maintenance Tech" at a pay rate of $20.00 per hour. (Doc. 10-5).

Plaintiff began a leave of absence from employment on October 19, 2022. (Gohlike Decl., Doc. 10-2, at ¶ 8). According to his Complaint, Plaintiff underwent a surgery related to a cancer diagnosis on that date. (Doc. 1-1, at 4). A doctor cleared Plaintiff to return to work on January 2, 2023, but Plaintiff informed Defendant he did not intend to return. (Gohlike Decl., Doc. 10-2, at ¶ 9). Defendant terminated Plaintiff's employment on January 18, 2023 for failure to return from leave. *Id.* at ¶ 10; (Doc. 10-6) (dismissal letter).

As a per diem employee, Plaintiff was not eligible to receive short-term disability benefits through Defendant's plan. (Gohlike Decl., Doc. 10-2, at ¶ 11). There is no record of Plaintiff: (1) filing a claim for short-term disability benefits or (2) providing proof of disability within twelve months. *Id.* at ¶ 12.

Plaintiff filed the instant action in Toledo Municipal Court on April 5, 2024; he sought $6,000 based on Defendant's alleged refusal to pay him short-term disability benefits. (Doc. 1-1, at 3–5). Defendant removed the case to this Court as preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Doc. 1).

## STANDARD OF REVIEW

Summary judgment is appropriate where there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The moving party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). This burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. The nonmoving party must go beyond the pleadings and "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson*, 477 U.S. at 257. Further, the nonmoving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to

create a genuine issue of material fact. *See* Fed R. Civ. P. 56(c)(3) (noting the court "need consider only the cited materials").

When faced with an unopposed motion for summary judgment, the Court may not use the party's failure to respond as a reason for granting summary judgment "without first examining all the materials properly before it under Rule 56(c)." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) (quoting *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979)). This is because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Id.* (quoting *Smith*, 600 F.2d at 64). Therefore, even where a motion for summary judgment is unopposed, a court must carefully review the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists. *Id.* However, "[n]either the trial nor appellate court . . . will *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992)

## DISCUSSION

Defendant moves for summary judgment on three independent bases. As set forth below, the Court finds Defendant is entitled to summary judgment.

<u>Plan Participant</u>

First, Defendant argues Plaintiff's claim fails because he was not a plan participant, and thus not entitled to benefits under Defendant's short-term disability plan.

Under ERISA's civil enforcement provisions, a plan participant or beneficiary "may sue to recover benefits due under the plan, to enforce [his] rights under the plan, or to clarify [his] rights to future benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987) (citing 29 U.S.C.

4

§ 1132); *see also* 29 U.S.C. § 1132(a)(1) (providing that a civil action may be brought "by a participant or beneficiary"). A "participant" is:

> any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

29 U.S.C. § 1002(7). The Supreme Court further defines "participant" as "either employees in, or reasonably expected to be in, currently covered employment or former employees who have a reasonable expectation of returning to covered employment or who have a colorable claim to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (quotations omitted). "Explicit in the Supreme Court's definition of 'participant' in *Bruch* is a requirement that [a] plaintiff[] prove either that [his] right to assets has 'vested' or will 'vest.'" *Teagardener v. Republic-Franklin Inc. Pension Plan*, 909 F.2d 947, 952 (6th Cir. 1990).

On the undisputed evidence before the Court, Plaintiff was not covered by Defendant's short-term disability plan; that is, he was not a "participant or beneficiary" of the plan. Although Plaintiff states in his complaint that he was hired as a full time employee (Doc. 1-1, at 4), he provides no admissible proof thereof. *See Anderson*, 477 U.S. at 257 (nonmoving party may not rest upon the pleadings, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment"). Defendant provided evidence that Plaintiff was hired as a per diem employee and that per diem employees are not eligible for short-term disability benefits under its plan. (Gohlike Decl., Doc. 10-2, at ¶¶ 6–7); (Doc. 10-4) (handbook); (Doc. 10-5) (employment letter). Plaintiff has failed to create a genuine dispute of material fact regarding whether he was a participant or beneficiary, and Defendant is entitled to summary judgment on this basis. *See, e.g.*, *Pollett v. Rinker Materials Corp.*, 477 F.3d 376, 378 (6th Cir. 2007)

5

(affirming judgment for defendant where a short-term disability plan required employees to be "actively at work" and plaintiff was suspended at the time of his claim); *Teagardener*, 909 F.2d at 952 (affirming dismissal of claims by plaintiffs who were not participants of the plan at the relevant time).

Filing of a Claim

Next, Defendant contends that even if Plaintiff were eligible for benefits under the short-term disability plan, he did not comply with the terms of submitting a claim under it.

"ERISA has left it largely to those who create and maintain a welfare plan to determine the contents of the plan, including the claims procedures." *DiMarco v. Mich. Conf. of Teamsters Welfare Fund*, 861 F. Supp. 599, 606 (E.D. Mich. 1994). And, "[t]he Sixth Circuit teaches . . . that courts in this district are to give effect to the determinations of the scope of an ERISA plan's benefits so long as they do not run afoul of any specific provision of the statute." *Id.* at 607 (finding two year limit on filing claims in a short-term disability policy valid and enforceable); *see also Musto v. Am. Gen. Corp.*, 861 F.2d 897, 911 (6th Cir. 1988) ("[n]either Congress nor the courts are involved in either the decision to establish a plan or in the decision concerning which benefits a plan should provide. In particular, courts have no authority to decide which benefits employers must confer upon their employees; these are decisions which are more appropriately influenced by forces in the marketplace and, when appropriate, by federal legislation.") (quoting *Moore v. Reynolds Metals Co. Retirement Program*, 740 F.2d 454, 456 (6th Cir. 1984)).

Here, the short-term disability plan had an elimination period of 30 days for a disability resulting from sickness. (Doc. 10-3, at 7). Plaintiff's leave of absence began on October 19, 2022, and was based on illness. *See* Doc. 1-1, at 4; (Gohlike Decl., Doc. 10-2, at ¶ 8). The 30 day elimination period thus ended November 18, 2022. And, pursuant to the terms of the plan,

Plaintiff had twelve months to provide written proof of disability. *See* Doc. 10-3, at 17. That time period expired on November 18, 2023. This action was not filed until April 2024.

Defendant states it has no record of Plaintiff requesting a benefits claim form or submitting any proof of disability, and that the time in which to do so has expired. *See Celotex Corp.*, 477 U.S. at 325 (summary judgment burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."). And, again, Plaintiff has not submitted any proof to the contrary. Thus, as with the above analysis, Plaintiff has not demonstrated he is one who has a "colorable claim to vested benefits" who may bring a claim under the plan. *Bruch*, 489 U.S. at 118; *see also Teagardener*, 909 F.2d at 952 ("Explicit in the Supreme Court's definition of 'participant' in *Bruch* is a requirement that [a] plaintiff[] prove either that [his] right to assets has 'vested' or will 'vest.'"); *DiMarco*, 861 F. Supp. at 606 (finding two year limit on filing claims in a short-term disability policy valid and enforceable).[2]

Therefore, even if Plaintiff could show he was an employee entitled to coverage under the terms of Defendant's short-term disability plan, Defendant is still entitled to summary judgment because the undisputed facts demonstrate he did not comply with the plan's timing requirements for seeking benefits.

---

2. The Sixth Circuit has recognized that equitable estoppel may sometimes apply to ERISA cases. *See Tregoning v. Am. Cmty. Mut. Ins. Co.*, 12 F.3d 79, 83 (6th Cir. 1993). But Plaintiff has provided no argument in support of estoppel, and it is his burden to do so. *See Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 431 (6th Cir. 2007)

Exhaustion of Administrative Remedies

Finally, Defendant contends Plaintiff's claim fails as a matter of law because even if he was eligible to receive benefits under the plan, he did not exhaust the administrative remedies provided by the plan as required by ERISA.

When claims are denied, ERISA plans are required to "afford . . . a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133. "The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). The exhaustion requirement "enables plan fiduciaries to efficiently manage their funds; *correct their errors*; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions." *Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000) (quoting *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989)).

The Sixth Circuit has found that where plaintiffs provided no proof of claim denials, and thus no evidence of administrative exhaustion, summary judgment for the defendant was appropriate. *See Brigolin v. Blue Cross Blue Shield of Mich.*, 516 F. App'x 532, 542 (6th Cir. 2013). The same is true here. Plaintiff has provided no evidence that he submitted a claim for short-term disability coverage, nor any evidence of a denial. As such, Defendant is also entitled to summary judgment on this basis.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Zepf Center's Motion for Summary Judgment (Doc. 10) be, and the same hereby is, GRANTED.

8

                                s/ *James R. Knepp II*  
                                UNITED STATES DISTRICT JUDGE

Dated: December 2, 2024